IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X
ENZO BIOCHEM, INC., et al.,

        Plaintiffs,

v.                                                  02-CV-8448 (RJS)

AMERSHAM PLC, et al.,
        Defendants.
------------------------------------------------------X
ENZO BIOCHEM, INC. et al.,

        Plaintiffs,

v.                                                  03-CV-3816 (RJS)

MOLECULAR PROBES, INC., et al.,

        Defendants.
------------------------------------------------------X
ENZO BIOCHEM, INC., et al.,

        Plaintiffs,

v.                                                  03-CV-3817 (RJS)

PERKINELMER, INC., et al.,

        Defendants.
------------------------------------------------------X
ENZO BIOCHEM, INC., et al.,

        Plaintiffs,

v.                                                  03-CV-3819 (RJS)

ORCHID BIOSCIENCES, INC., et al.,

        Defendants.
------------------------------------------------------X

```
-------------------------------------------------X
AFFYMETRIX, INC.,

                Plaintiff,

v.                                                03-CV-8907 (RJS)

ENZO BIOCHEM, INC., et al.,

                Defendants.
-------------------------------------------------X
ENZO LIFE SCIENCES, INC., et al.,

                Plaintiffs,

v.                                                04-CV-1555 (RJS)

AFFYMETRIX, INC.,

                Defendants.
-------------------------------------------------X
ROCHE DIAGNOSTICS GMBH, et al.,

                Plaintiffs,

v.                                                04-CV-4046 (RJS)

ENZO BIOCHEM, INC., et al.

                Defendants.
-------------------------------------------------X
```

**SUPPLEMENTAL DECLARATION OF ELAZAR RABBANI, PH.D. IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

I, Elazar Rabbani, declare as follows:

    1.    This declaration is based upon facts of which I have personal knowledge. If called upon as a witness, I could and would testify competently to these facts under oath.

2

2. I am employed by Plaintiffs Enzo Biochem, Inc. and Enzo Diagnostics Inc. (collectively "Enzo"). I have offices at 527 Madison Avenue, New York, NY 10022. My position at Enzo Biochem, Inc. is Chairman of the Board. I am also the Chief Executive Officer.

3. Enzo entered into distributorship agreements with Roche, Affymetrix, Amersham and PerkinElmer between 1994 and 1999. I was personally involved in the negotiation of those distributorship agreements.

4. One of my ultimate goals in negotiating the distributorship agreements, expressed in the provisions described below, was not to permit anyone to exploit commercially the products subject to distributorship agreements, preserving those rights of commercial exploitation for Enzo.

5. Enzo sought out Roche, Affymetrix, Amersham and PerkinElmer for their ability to distribute products into the research market. In my experience, the research market is distinct from the commercial market. The research market usually consists of customers such as academic institutions and medical schools, which use products for non-commercial purposes. Certain companies, including pharmaceutical and industrial/diagnostics companies, typically are not end-users in the "research market" because, their efforts, including research, ultimately are directed to the development and marketing of commercial products, such as drugs, for diagnostic and therapeutic purposes or other industrial applications.

6. To make clear that products subject to the distribution agreements with Enzo could not be used for commercial purposes, even by entities in the research market, each of the distributorship agreements Enzo signed with the Defendant distributors

contained a provision that explicitly limited distribution not just to research use only, but that products were not for diagnostic use, not for therapeutic use, and not for commercial exploitation.

7.      These limitations (only permitting sales to the research market, for research use only) ultimately restricted Roche, Affymetrix, Amersham and PerkinElmer from selling products covered by each of their agreements to commercial entities. The only exception was in the PerkinElmer agreement, which allowed sales to commercial entities that were doing research services on behalf of an end-user in the research market. Even this exception, though, did not allow the end-user in the research market to commercially exploit the products.

8.      In or around mid-2001, I met with Ronald Long, the CEO of Amersham and Anthony Rollins, the head of Amersham's Patents group and its in-house counsel, in Enzo's offices. When we met, I believed that Enzo and Amersham were on the verge of executing an Amended Distributorship Agreement between the two companies. Mr. Long informed me that Amersham was in the midst of negotiating a cross-license agreement with Applied Biosystems, Inc. ("ABI") for sequencing systems. He stated to me that ABI would not sign the deal with Amersham if Amersham entered into the Amended Agreement with Enzo.

//
//
//
//

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: April 30, 2013

_____
Elazar Rabbani