

Jeffrey R. Mann
Tel (212) 801-2111
Fax (212) 801-6400
mannj@gtlaw.com

**MEMO ENDORSED**

September 5, 2013

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-6-13
```

VIA E-MAIL (SullivanNYSDChambers@nysd.uscourts.gov)

Hon. Richard J. Sullivan
United States District Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007-1312

    Re:    *Enzo Biochem et al. v. Amersham et al.* (No. 02 Civ 8448)

Dear Judge Sullivan:

    We represent Plaintiffs Enzo Biochem, Inc. and Enzo Life Sciences, Inc. ("Enzo") in the above-referenced matter. I respectfully write regarding the oral argument held on Friday, August 30, addressing Amersham's Motion for Summary Judgment on the non-patent claims (the "Motion").

    At oral argument, counsel for Amersham provided the Court with a booklet of 40 PowerPoint slides. Amersham did not provide these slides to Greenberg Traurig prior to the argument. Upon review, it is apparent that this submission is an improper supplemental reply and is replete with errors and misleading statements. Enzo respectfully requests that the Court not consider the slides in its determination of Amersham's Motion.

    As but two examples of the inaccuracies in the slides:

- Slide 2 misleads by claiming that the "[c]lose of fact discovery" occurred on May 6, 2005. The parties engaged in extensive discovery after that date. The vast majority of documents produced by Amersham were provided after May 6, 2005 (at least 178,224 pages of documents, out of approximately 270,000 pages produced in total). In addition, Amersham deposed six Enzo witnesses, and Enzo deposed five Amersham fact witnesses after May 6, 2005. Finally, Amersham served its Supplemental Responses to Enzo Interrogatories Nos. 5 and 13 on September 21, 2006. Fact discovery, as Judge Sprizzo made clear, would continue until the time of trial, if needed. *See* May 21, 2005 T'scpt, at 8-9.

- Contrary to Slide 12, Enzo did, in fact, accuse Amersham of failing to use best efforts long before "Enzo's 2013 Opposition Brief." In particular, Enzo

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY*
MIAMI
MILAN*
NEW JERSEY
NEW YORK
ORANGE COUNTY
ORLANDO
PALM BEACH COUNTY
PHILADELPHIA
PHOENIX
ROME*
SACRAMENTO
SAN FRANCISCO
SEOUL*
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV*
TYSONS CORNER
WARSAW~
WASHINGTON, D.C.
WHITE PLAINS

GREENBERG TRAURIG, LLP ■ ATTORNEYS AT LAW ■ WWW.GTLAW.COM
MetLife Building, 200 Park Avenue ■ New York, New York 10166 ■ Tel 212.801.9200 ■ Fax 212.801.6400

The Honorable Richard J. Sullivan
September 5, 2013
Page 2

---

      specifically identified this breach in its June 22, 2005 response to Amersham's Second Set of Interrogatories: "Amersham violated Section 8.1 of the Agreement [the best efforts clause] by refusing to list all of the covered Products in its catalogs." Enzo's Responses to Amersham's Second Set of Interrogatories at 8 (Dkt. 296 Ex. 30).

      Enzo disputes the legal arguments and inaccurate factual assertions in Amersham's slides, and raises only the foregoing as examples. We are available at the Court's convenience to address any additional questions or concerns Your Honor may have.

                                            Respectfully yours,

                                            /s/ Jeffrey R. Mann
                                            Jeffrey R. Mann

cc:    Counsel of record

---

```
The time to object to Amersham's use of the booklet was at the oral
argument. In any event, as the Court has no intention of making further use
of this visual aid now that the oral argument is over, the motion is DENIED
as moot. The Court's ruling will be based on the evidence put before the
Court pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule
56.1.
```

SO ORDERED
Dated: 9/6/13

RICHARD J. SULLIVAN
U.S.D.J.

GREENBERG TRAURIG, LLP